Landon, J.
—The relator’s bill against the county of Greene was rejected by the board of supervisors, because his report to the board, required by chapter 341, Laws of 1864, was incomplete. His report was to the effect that he had received no money in which the town or county had an interest.
That act referred to, makes the report a condition precedent to the officer’s receiving payment for his services. The fact was, and was known to the board, that the relator had received from the accused, for whose examination upon two charges of crime the relator presented his bill to the board for audit, the sum of fifty dollars. The relator had discharged the accused immediately after the receipt of this money. The relator’s report to the board of supervisors made no mention of this sum of money, and his ME of items for services as police justice in the examination of the accused, contained no credit for tMs sum, or any part of it.
*634 Presumptively, this relator did his duty in his official capacity, and hence the board of supervisors might justly infer that if, upon his discharge, the accused paid any money to the relator, he did it, not for the relator’s private benefit, but to indemnify the county against the expenses to which it had been subjected upon his account.
It is true, the charges against the accused were felonies, and the law does not permit feloniés to be compromised upon the payment of the fees or otherwise. But it is possible that the examination may have disclosed, as we infer it did in this case, that no felony had been committed, but a fraud rather, and that while the accused must have been discharged, it was in the opinion of the magistrate proper that he should reimburse the county for its expenses, and hence in good faith the magistrate had allowed the fifty dollars to be placed in his hands for the purpose. If such were the case, however little the practice may be commended, it is plain that the magistrate could not well refuse to give to the county the money he had received for its benefit. Hence, when he failed to make any report respecting it, the board of supervisors might in their discretion well reject, or suspend the allowance of his bill until he furnished a complete report.
Respecting the fifty dollars it is proper to state that the relator applied thirty dollars to the payment of charges alleged to have been incurred or assumed by the accused, $22.50 of which were for the relator’s services, alleged to have been other than in his capacity as magistrate. The remaining twenty dollars he credited to the county upon his fees, but made no report of the items thus satisfied or of the credit thus applied. He thus made himself the auditor and paymaster of a part of his own account. Perhaps the board would have probably rejected some of these items, and have increased the amount of the credit, if the whole facts had been reported to them.
The referee has found that the relator made a proper application of the whole fifty dollars, so far as the county is concerned, and that he is entitled to a writ of mandamus to compel the audit of the bill rendered by the relator at the sum fixed by the referee. We do not now pass upon the ultimate right of the relator to the amount allowed him by the referee. We gravely doubt whether his application of $22.50 in payment of his alleged services rendered upon the request of the accused can be upheld. But the relator is not entitled to a writ of mandamus without showing a clear legal right to it. The board of supervisors are the auditing board, and they were entitled to all the facts which a complete report would have afforded them. In our opinion the relator, when he withheld the *635 facts, and in effect audited and satisfied a part of his own bill, and rendered no account of the money he had thus received, a part of which he bestowed upon or credited to the county, failed to show to the board that clear legal right to the allowance of his bill which made it their duty to audit it, and he would not be entitled to the writ of mandamus however plainly he established his bill before the referee, unless he also established the fact that on the case presented to the supervisors that body failed to do their duty.
The judgment should be reversed with costs, and the writ of mandamus refused.
Learned, P. J., and Williams, J., concur.